**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mayra Cruz, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br><br>Ultimate Care, Inc.<br><br>       Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**PLAINTIFF'S ORIGINAL COMPLAINT
FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION**

Plaintiff, Mayra Cruz ("Plaintiff"), by and through their attorneys, Daniel I. Schlade, complain against Ultimate Care, Inc. ("Defendant" or "Ultimate Care"). In support of this Complaint, Plaintiff states:

## I. Introduction

1. Plaintiff and the employees she seeks to represent are current and former employees of Defendant who worked within the past six (6) years. Defendant knowingly, deliberately, and voluntarily failed to pay its employees for all hours worked over forty in a workweek at the federal and state mandated overtime rate.

2. Plaintiff seeks to recover unpaid wages and other damages owed under the Fair Labor Standards Act (FLSA) Act, as a 29 U.S.C. § 216(b) collective action, and the New York Labor Law (NYLL) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq.* ("NYLL")

## II. Parties

3.  Ultimate Care is a business that is located, headquartered, and conducts business in Brooklyn, New York.

4.  Ultimate Care is an "Enterprise engaged in the operation of an institution primarily engaged in the care of the sick, the aged or the mentally ill or defective" under 29 USC § 203(s)(1)(B).

5.  At all times relevant herein, Plaintiff, an adult resident of the state of New York, has been employed by Defendant. During her employment with Defendant, Plaintiff regularly worked hours in excess of forty (40) hours per week without receiving overtime compensation as required by federal and New York law. Accordingly, at all relevant times, Plaintiff was an "employee" within the meaning of both the FLSA and NYLL.

6.  Plaintiff and all other similarly situated employees were subject to a compensation policy instituted by the Defendant which, by its terms, did not legally compensate them for all hours worked at the federally and New York mandated overtime rate.

7.  The Class Members are current and former New York employees of Defendant who were paid straight time and not paid overtime at the statutory rate directed by the FLSA and the NYLL.

8.  At all relevant times, Plaintiff and the Class Members were "employees" of Defendant as defined by 29 U.S.C. § 203(e) and NYLL §§ 190(2) and 651(5).

9.  At all relevant times, Defendant were and are an "employer" of Plaintiff and Class Members as defined by 29 U.S.C. § 203(d) and NYLL §§190(3) and 651(6).

### III. Jurisdiction And Venue

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d). The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same facts and transactions.

11. The Eastern District of New York has personal jurisdiction over Defendant because they do business in New York and in this judicial district. Additionally, Plaintiff worked for Defendant in the Eastern District of New York during the relevant period.

12. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including many of the wrongs herein alleged.

13. The proposed class action includes a total number of plaintiffs in excess of 100.

### IV. Facts Common To All Claims

14. Plaintiff worked for Defendant from on or the end of the year 2016 until April 6, 2020.

15. Defendant classified Plaintiff as a W-2 employee and paid her on an hourly basis.

16. Plaintiff is a former home health aide who was employed by Defendant Ultimate Care.

17. Defendant regularly assigns home care aides to work 24-hour "sleep-in" shifts. During such shifts, a home care aide is required to be present in the patient's home for a full 24-hour period.

18. Plaintiff was regularly required to assist patients with a range of tasks, including cooking, feeding, bathing, housework and cleaning. These tasks comprised more than twenty percent of Plaintiff's daily work and chores.

19. Plaintiff routinely did not receive five hours of uninterrupted sleep because their patients required assistance multiple times each night. Further, Plaintiff was never allowed to take meal breaks because Defendant's instructed its employees that patients are never to be left alone.

20. Most of Plaintiff's patients "never" slept through the night, and "usually got up two or three times each night to use the bathroom," requiring assistance each time. Plaintiff rarely, if ever, received five hours of uninterrupted sleep while working for Defendants. Similarly, Plaintiff rarely, if ever, received a three full one-hour meal breaks that were uninterrupted by patient duties.

21. At all relevant times, Plaintiff regularly worked more than 40 hours a week for Defendant without being paid any premium overtime wages of one and one-half times their regular rate of pay. In fact, Plaintiff 's schedule with Defendant required her to be on call 24 hours to tend for her patient in case the patient required assistance. As a result, Plaintiff did not receive a minimum of five hours uninterrupted sleep and 3 hours of work-fee meal breaks. Plaintiff worked as much 96 hours in a week, if not more, just to meet their performance expectations and requirements.

22. At all relevant times, Plaintiff's primary job duties of were materially the same. Plaintiff was in charge of taking care of all of a patient's needs, including feeding, bathing, administering medicines, among other things. Plaintiff would also perform household chores at the residence where she would be staying caring for the assigned patient, and these chores comprised more than twenty percent of Plaintiff's job duties.

23. In fact, Plaintiff was routinely called in the middle of the night by the patient under her care because they needed assistance to go to the bathroom or did not feel well and needed their vitals to be checked. These types of demands, which occurred virtually every shift, deprived Plaintiff of five continuous hours of sleep during each 24-hour shit, and left Plaintiff with no choice but to work well over 40 hours a week, so as not to risk losing her job.

24. As a matter of fact. Plaintiff worked overtime (i.e., more than 40 hours per week) for Defendant every week during the relevant time period. In fact, Plaintiff worked 24-hour daily shifts, four (4) days a week.

25. Accordingly, Defendant knew that Plaintiff and other similarly situated persons had to work extremely long hours — well over 40 each week — to complete their assigned work but were not paid overtime wages.

26. Defendant did not pay Plaintiff any additional pay for overtime hours that she worked during the relevant time period.

27. Instead, Defendant paid Plaintiff her hourly rate (i.e., "straight time") for each work hour worked, including his overtime hours. Additionally, Defendant only paid Plaintiff thirteen hours for each 24-hour overnight shift. However, during these 24-hour shifts Plaintiff was not receiving three one-hour uninterrupted meal breaks, and Plaintiff was not receiving an eight-hour sleep break that included at least five hours of uninterrupted sleep.

28. Defendant paid all similarly situated employees in the same manner. Additionally, Plaintiff routinely consulted with coworkers of hers, and these coworkers regularly confirmed that they worked under similar conditions whereby: more than 20% of their job duties consisted of household chores; they did not receive three one-hour uninterrupted meal breaks; and they were not receiving an eight-hour sleep break that included at least five hours of uninterrupted sleep.

29. By engaging in this pay practice, Defendant deprived employees of their right under New York labor law and the FLSA to receive time-and-a-half pay for their overtime hours; and Defendants deprived them of pay for hours worked which should have been compensated: specifically the 11 hours for each 24-hour shift, consisting of three unpaid meal breaks and an eight hour sleep break, none of which were uninterrupted by work.

30. Defendant's employees are entitled to overtime for each hour worked in excess of forty in a workweek. However, Defendant failed to compensate them as required by New York and the FLSA.

31. Defendant owes Plaintiff .5 times her regular rate of pay for each recorded overtime hour in excess of forty hours in a workweek that she worked each week during the relevant time period, plus liquidated damages in the same amount.

32. Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

33. Defendant's method of paying Plaintiff and all similarly situated employees in violation of the FLSA and New York labor laws was willful and was not based on a good faith and reasonable belief that their conduct complied with the law.

34. Defendant knew the requirement to pay overtime to their employees, but it intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

35. Plaintiff was not required to record the time spent working. Thus, Defendant failed to maintain records concerning Plaintiff's hours worked as required by the FLSA and NYLL.

36. Defendant failed to furnish Plaintiffs with paystubs that recorded their actual hours worked and rates of regular hourly and overtime pay.

37. Defendant also failed to issue Plaintiff wage notices that informed her of their regular hourly and overtime pay rates.

38. Based on the foregoing, as part of its regular business practices, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiff and similarly situated persons. This policy, pattern and/or practice includes, but is not limited to:

    a. willfully failing to record all of the time that Plaintiff and similarly situated persons worked for the benefit of Defendant;

    b. willfully failing to keep payroll records as required by the FLSA and NYLL;

    c. willfully misclassifying Plaintiff and similarly situated persons as exempt from the overtime requirements of the FLSA and NYLL; and

    d. willfully failing to pay Plaintiff and similarly situated persons overtime wages for hours that they worked in excess of 40 hours per week.

39. Upon information and belief, Defendant's unlawful conduct described herein is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

40. Defendant is aware or should have been aware that state and federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

41. Defendant's failure to pay Plaintiff and similarly situated persons overtime wages for their work in excess of 40 hours per week was willful.

42. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## V. Collective Action Allegations

43.     Plaintiff brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former New York employees who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

44.      Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because her claims are similar to the claims of the putative plaintiffs of the representative action.

45.     At all relevant times, Plaintiff, and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendant's failure to pay them overtime wages for hours worked over 40 in a week.

46.     During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

47.     As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs and the FLSA Collective overtime wages for hours worked over 40 in a week.

48.     As a result of Defendant's conduct, Defendant is liable to Plaintiff and the FLSA Collective for the full amount of their unpaid overtime wages, plus an additional equal amount in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective

49. Plaintiff is similarly situated to the putative Plaintiffs with regards to her job duties. They were subject to Defendant's common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA. Plaintiff and the putative plaintiffs were victims of a common policy or plan that violated the law.

50. The names and addresses of the putative members of the representative action are available from Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## VI. Class Actions Allegations

51. The claims arising under the New York State Labor Law are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

52. Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and seeks to certify a class as follows:

> **All of Defendant's current and former employees who work or worked and are or were paid straight time instead of time-and-a-half for hours worked in excess of 40 hours in individual workweeks (overtime) during the six years prior to the commencement of this suit through the present; and all of Defendant's current and former workers who were deprived of notices required by the New York Wage Theft Prevention Act, including applicable notices at the time of the employees' hire; and wage statements owed on each payday."**

53. Defendant's policy of failing to pay overtime affects members of the Class in a substantially similar manner. Plaintiff and the Class Members have claims based on the same legal and remedial theories. Plaintiff and Class Members have claims based on the same facts. Plaintiff's claims are therefore typical of the Class Members.

54. The basic job duties of the NYLL Class were the same as or substantially like those of Plaintiff, and the NYLL Class were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

55. Defendant subjected both the NYLL Class and Plaintiff to the same unlawful policies, plans and practices, including not paying them overtime wages for hours worked over 40 in a week and not furnishing accurate wage notices or wage statements.

56. As a result of Defendant's conduct, Defendant is liable to Plaintiff and the NYLL Class for the full amount of their unpaid overtime wages, plus additional amounts (where applicable) in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class

57. As stated above, Plaintiff states that the proposed class action includes a total number of plaintiffs that is in excess of a 100. The identity of the members of the class is readily discernible from Defendant's records.

58. Plaintiff and the Class Members on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

59. If individual actions were required to be brought by each of the similarly-situated persons affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class Members are entitled.

60.     There are questions of law and fact that are common to all members of the proposed class, and these questions predominate over any question affecting only individual class members.

61.      Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed classes. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

62.     The Class Action is a superior form to resolve the NYLL claims because of the common nucleus of operative fact centered on the continued failure of Defendant to pay its employees according the provisions of the NYLL and the FLSA.

63.     The Plaintiff and similarly situated employees of Defendant herein seeking class status are seeking to remedy a common legal grievance.

64.     Defendant's  policy of refusing to pay legally required wages to its employees provides a common factual and causal link between all the Class Members which positions them in opposition to Defendant.

65.      In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and the putative class lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting in inconsistent judgments pertaining to the Defendant's policies.

## VII. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime Wages to Plaintiff In Violation of the FLSA

66. Plaintiff reincorporates by reference Paragraphs 1 through 60, as if set forth in full herein for Paragraph 61.

67. Plaintiff began working with Defendant in or before September 2016 until April 6, 2020.

68. At all times, Plaintiff held the same position at Ultimate Care, she worked as a caretaker. Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because she was employed by Defendant to perform caretaking duties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

69. Although schedules are subject to change, Plaintiff's general schedule with Defendant required Plaintiff to work on average 96 hours per week.

70. Plaintiff was paid their wages on a weekly basis.

71. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

72. Plaintiff's rate of pay was $15.00 per hour.

73. Throughout the course of Plaintiff's employment with Defendant, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

74. Defendant did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which she was employed during the hours worked in excess of forty (40) hours per week.

75. On information and belief, Defendant have failed to keep proper time records tracking Plaintiffs' time worked; and Defendant's failure and refusal to pay Plaintiff for all hours worked and overtime wages for hours worked in excess of forty (40) hours per week was a willful violation

of the FLSA. Defendant knew or should have known that Plaintiff was to be entitled for all hours worked and time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

76. Plaintiff is entitled to recover unpaid wages and overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount is in excess of $800 per week for Plaintiff for all weeks during the relevant employment period.

## SECOND CLAIM FOR RELIEF
### Failure to Pay Overtime Wages in Violation of the FLSA
### (Collective Action)

77. Plaintiff incorporates the preceding paragraphs by reference.

78. This count arises from Defendant's violation of the FLSA 29 U.S.C. 201, et seq., for their failure to pay Plaintiff and the members of the Class all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

79. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

80. Defendant violated the FLSA by failing to compensate Plaintiff and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

81. Defendant's failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff will seek to certify the SECOND CLAIM FOR RELIEF, violation of the overtime provisions of the FLSA, as a collective action and asks the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represent

**WHEREFORE**, Plaintiff respectfully, on behalf of herself and all proposed members of the NYLL class action, prays for relief as follows:

A.   With Respect to the FLSA violation:

   1.   An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

   2.   An award of liquidated damages for Defendant's willful violations of the FLSA;

   3.   Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   4.   A declaration that Defendant violated the FLSA;

   5.   An award reasonable attorneys' fees and costs; and

   6.   Any such additional or alternative relief as this Court deems just and proper.

B.   With Respect to the Class, Plaintiff prays as follows:

   1.   Certification of this action as a Class Action;

  2.  Designation of the Named Plaintiff, Mayra Cruz, as class representative;

  3.  Designation of the undersigned counsel as class counsel; and

  4.   Entrance of a declaratory judgment that the actions complained of herein are unlawful.

C.  With Respect to the New York State claims, Plaintiff prays as follows:

  1.  Grant of judgment to the named Plaintiff and Class members including awarding statutory, compensatory and liquidated damages as provided for under New York law;

  2.  Award of pre-judgment and post-judgment interest, at the highest rate provided by law; and,

  3.   Awarding of Plaintiff her attorneys' fees and costs of suit.


            s/Daniel I. Schlade
            Attorney For Plaintiff


Daniel I. Schlade (ARDC No. 6273008)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
Email: dschlade@justicialaboral.com
   danschlade@gmail.com


**PLAINTIFF DEMANDS TRIAL BY JURY**