UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAYRA CRUZ and RAUL HERRERA,
individually and on behalf of all other similarly
situated persons,

                Plaintiffs,

v.

ULTIMATE CARE, INC.,

                Defendant.

Case No. 1:22-CV-07520-AMD-LKE

### ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT

WHEREAS, on December 12, 2022, Named Plaintiff Mayra Cruz, individually, and on behalf of all other similarly situated persons, filed this putative class action against Defendant Ultimate Care, Inc. ("Defendant" or "Ultimate Care") alleging that it violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to compensate its home care aides for: (i) unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Dkt. 1.

WHEREAS, on August, 22, 2023, Plaintiffs amended the Complaint to add Raul Garcia Herrera as an additional Named Plaintiff and added causes of action including allegations that Defendant failed to pay wages for all hour worked under the New York Labor Law ("NYLL"); allegations that Defendant failed to pay spread of hours pay under the NYLL; and alleging that Defendant violated the Wage Statement requirements under the NYLL. Dkt. 48.

WHEREAS, on July 18, 2024, Plaintiffs amended the Complaint a second time to expand the FLSA collective and NYLL Class definitions to include "Personal Care Aides," also known

1

as "Personal Care Attendants" in addition to "Home Health Aides" in the FLSA collective and NYLL Class—collectively known as "home care aides." Dkt. 130.

WHEREAS on March 29, 2024, the Court granted Plaintiffs' motion to certify the FLSA collective. Dkt. 80.

WHEREAS, on January 23, 2026, the Parties fully executed the Settlement Agreement;

WHEREAS, on January 23, 2026, Named Plaintiffs moved under Federal Rule of Civil Procedure 23(e) for Preliminary Approval of Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Collective and Class Action Settlement, Dkt.181. The motion is unopposed.

Upon consideration of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Proposed Notice of Settlement, in addition to the Declaration of Matt Dunn in support of this motion, Dkt.181-2 and a review of the parties' Settlement Agreement, dated January 23, 2026, it is ORDERED that:

1. Named Plaintiffs' unopposed Notice of Motion for Preliminary Approval of the Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel As Class Counsel, and Approval of Proposed Notice of Settlement is GRANTED;

2. The Court has evaluated the Settlement Agreement under Fed. R. Civ. P. 23(e)(2), the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F. Supp 2d 448 (2d Cir. 1974), and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and has determined that the factors are satisfied. Accordingly, the Court finds that the Settlement Agreement, attached as Exhibit 1 to the Declaration of Matt Dunn, is fair, reasonable, and adequate; avoids anticipated burdens, expenses, and litigation risks; was entered into in good faith and is the product of arm's

length bargaining, free of collusion; and in the best interest of Named Plaintiffs and the putative class;

3. The Court preliminarily APPROVES of the release of FLSA claims as stated in Settlement Agreement and under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

4. For settlement purposes only, the following Settlement Class is CERTIFIED pursuant to Federal Rule of Civil Procedure 23 and is defined as follows:

> The Named and Opt-In Plaintiffs and all current or former Home Health Aides, Personal Care Aides and Personal Assistants (together, "home care aides") employed by Ultimate Care who worked two or more 24-hour shifts in one or more weeks at any time between December 12, 2016 and December 12, 2025. For avoidance of doubt, the Employee ID numbers for all Class Members are listed in Exhibit 1 to the Settlement Agreement.

5. The list of Class Members is identified in Exhibit 1 to the Settlement Agreement.

6. The law firm of Getman, Sweeney & Dunn, PLLC is APPOINTED as Class Counsel;

7. The Court APPROVES ILYM Group, Inc. as the Settlement Administrator to perform those duties and responsibilities as set forth in the Settlement Agreement;

8. The Proposed Notices of Collective and Class Action Settlement, as set forth in Exhibits 2 through 3 to the Settlement Agreement, and the manner and method of dissemination are hereby APPROVED AND DETERMINED to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all Class Members in full compliance with the notice requirements of Federal Rule of Civil Procedure 23, due process, the Constitution of the United States, the laws of the State of New York, and all other applicable laws;

9. The Notices of Collective and Class Action Settlement to the Class Members are accurate, objective, and informative, and provide Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness;

10. The Settlement Administrator is authorized to disseminate the Notices of Collective and Class Action Settlement to the Class Members as provided in the Settlement Agreement;

11. Class Members who wish to opt out of the Settlement must file their written request to opt out with the Settlement Administrator no later than sixty (60) days from the date the Settlement Administrator first mails the Notices to the Class Members (the "Opt-out Period");

12. Pending a decision on final approval of the settlement, this matter is STAYED other than as set out in this Order;

13. The Named Plaintiffs and Defendant are ORDERED to carry out and effect the settlement according to the terms of the Settlement Agreement;

14. Class Counsel shall file a motion for final approval, service awards, attorneys' fees, costs, and expenses. Class Counsel will petition the Court for an award of attorneys' fees up to $2,000,000.00 and Defendant will not contest the amount sought as attorneys' fees and costs. Class Counsel will petition the Court for service awards up to $110,000 which shall be allocated as follows, according to the terms of the Settlement Agreement: Named Plaintiffs shall each receive a service award up to $15,000; Opt-in Plaintiffs or Participating Class Members who were deposed shall receive a Service Award up to $5,500.00; and Opt-in Plaintiffs or

4

Participating Class Members who provided discovery responses shall receive up to $1,200.00. Defendant will not contest this.

15. The Court will conduct a Final Approval Hearing on <u>May 12, 2026</u> at <u>12:00</u> p.m. <u>In Courtroom 13B South</u> to determine the overall fairness of the settlement, to consider objections to the Settlement, if any, and to determine attorneys' fees and costs to Class Counsel and Service Awards.

16. The Final Approval Hearing may be continued without further notice to Class Members; and

17. The Court hereby Orders that the Parties and Settlement Administrator comply with the following deadlines, as set forth in the Settlement Agreement:

| DESCRIPTION | DEADLINE |
| --- | --- |
| Ultimate Care provides class list to ILYM Group, Inc. | Within three business days of Preliminary Approval Order |
| Class Counsel provides ILYM Group, Inc the number of shares of each Class Members | Within three business days of Preliminary Approval Order |
| ILYM Group, Inc to ascertain current address and addressee information for each Notice and Claim Form returned as undeliverable, including as necessary, a skip trace, and shall attempt one re-mailing of Notice and Claim Form to any Class Member for whom it obtains a corrected address | Within five days of receipt of Notice and Claim Form returned as undeliverable |
| ILYM Group, Inc, by email, shall certify jointly to Class Counsel and Employer's Counsel: (a) the number of Participating Class Members who timely filed a Claim Form; (b) a list of all Participating Class Members who filed a timely objection; (c) a list of all Class Members who requested to opt-out of the settlement at any time during the Opt-out Period; and (d) the aggregate allocations to all | No later than 30 days after Opt-out Period or at least 15 days prior to the Final Hearing (whichever is earlier) |

5

| | |
|---|---|
| Participating Class Members, plus Class Counsel's attorneys' fees, costs and expenses, Settlement Administrator's fees and costs, employment taxes, and Service Awards. | |
| Filing of the Final Approval Motion, Service Awards, Attorneys' Fees, Costs, and Expenses | TBD by the Court |
| Final Approval Hearing | TBD by the Court |

IT IS SO ORDERED.

Dated: 2/13/2026

/s/ Lara K. Eshkenazi
Lara K. Eshkenazi
United States District Judge

6